IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| KENNEDY TERRELL WALKER, | |
| Plaintiff, | CIVIL ACTION NO.: 2:22-cv-83 |
| v. | |
| FNU MORRIS, et al., | |
| Defendants. | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  Also, I **DENY** Plaintiff's Motion for Equitable Tolling.  Doc. 3.  Finally, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.  Doc. 2.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff, a prisoner at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), brings claims under the FTCA, alleging personal injuries resulting from negligence. Doc. 1 at 7.  Plaintiff explains he is disabled and confined to a wheelchair.  Id. at 8.  On July 21,

---

[1]  All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2022, Defendant Morris, a correctional officer, assigned Plaintiff to a non-handicap accessible, non-wheelchair accessible cell, despite Plaintiff's protests.  Id. at 9.  Defendants Griffin and Millier then carried Plaintiff downstairs to the newly assigned cell while Defendant Cloney followed, carrying Plaintiff's wheelchair.  Id. at 9–10.  Defendants placed Plaintiff in the wheelchair and left him in a non-accessible cell with a cellmate.  Id. at 10–11.  Sometime later, Plaintiff attempted to use the toilet.  Id. at 12.  Plaintiff struggled to transfer himself from his wheelchair to the toilet because of its low height and lack of handrails or grab bars.  When he attempted to transfer himself back to his wheelchair, he fell and was painfully injured.  Id.  Plaintiff and his cellmate called for help.  Id.  Correctional officers arrived and called for medical staff, but the officers lifted Plaintiff from the floor and returned him to his wheelchair before any medical staff arrived to help.  Id. at 13.

Defendant Harvey and other correctional officers then removed Plaintiff from his wheelchair and carried him upstairs to a wheelchair accessible handicap cell.  Id.  A nurse came to see Plaintiff in the new cell but did not conduct a thorough examination.  Id. at 13–14.  Since then, Plaintiff has submitted numerous sick call requests, but the prison medical staff has failed to examine or treat him.  Id. at 14.  Plaintiff is now in extreme pain and suffering injuries to his neck, lower back, hands, and rib cage because of his fall in the non-accessible cell.  Id. at 18.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or

which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.     Plaintiff Failed to Exhaust Available Administrative Remedies**

Under the Prison Litigation Reform Act ("PLRA"), an incarcerated individual must exhaust all available administrative remedies—the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions.  42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007).  Requiring prisoners to first utilize the prison's grievance policy before bringing suit "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before . . . the initiation of a federal case."  Woodford v. Ngo, 548 U.S. 81, 93 (2006); Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998)).

Exhaustion is a mandatory requirement which cannot be waived by courts. Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); Porter v. Nussle, 534 U.S. 516, 524 (2002). Though exhaustion is considered an affirmative defense, when the face of the pleadings clearly show the plaintiff failed to exhaust all administrative remedies, courts may dismiss the complaint sua sponte. Jones, 549 U.S. at 214–16; Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007); Malcolm v. Doe, No. 6:18-CV-24, 2018 WL 2108108, at *4 (S.D. Ga. Mar. 19, 2018); Ansell v. Crews, No. 4:13CV454, 2014 WL 3748207, at *2 (N.D. Fla. July 30, 2014); Cole v. Ellis, No. 5:10-CV-00316, 2010 WL 5564632, at *3 (N.D. Fla. Dec. 28, 2010).

Proper exhaustion requires compliance with the prison's administrative policies, deadlines, and other critical procedural rules. Woodford, 548 U.S. at 91. Prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting Johnson, 418 F.3d at 1157)); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (Inmate's belief administrative procedures are futile or needless does not excuse the exhaustion requirement.); see also Malcolm, 2018 WL 2108108, at *3 (dismissing a complaint for failure to exhaust administrative remedies when prison officials never responded to the grievance and the petitioner failed to appeal the responded-to grievance after the time to respond passed); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

Plaintiff's Complaint should be dismissed because it is apparent from the face of Plaintiff's Complaint he did not exhaust all available administrative remedies prior to filing this lawsuit. Plaintiff states, "[M]y grievance process is not completed" but insists this is "[d]ue to FCI Jesup staff not replying to my grievance process." Doc. 1 at 23. A prisoner may be excused from the exhaustion requirement if officials completely ignore grievances, making the procedure a "dead end" and rendering it unavailable. Ross v. Blake, 578 U.S. 632, 642–43 (2016). However, Plaintiff has not alleged his unanswered grievances amount to a dead end, "with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. at 643. Instead, Plaintiff alleges he submitted three grievances in three days, one each on July 28, 29, and 30, 2022, and as of August 23, the day he dated his Complaint, the grievances were unanswered. Doc. 1 at 19, 24–32. Indeed, Plaintiff plainly understands he has not completed the administrative remedies process, as he has filed a motion for equitable tolling while he pursues those remedies (which is addressed in § II of this Report). In short, Plaintiff admits he has not completed the grievance process. The Court will not excuse the exhaustion requirement for unavailability based on Plaintiff's allegation prison officials have taken more than 26 days to respond to his grievances. Cf. Charlton v. United States, No. 1:08-CV-1405, 2011 WL 6097756, at *2 (N.D. Ga. Dec. 5, 2011) ("A district court may not entertain an FTCA action 'unless the . . . claim shall have been finally denied by the agency in writing,' although an agency's failure 'to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim.'") (citing 28 U.S.C. § 2675(a)). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for failure to exhaust available administrative remedies.

**II.     Plaintiff's Motion for Equitable Tolling**

Plaintiff filed a "Motion for Extension of Time, Equitable Exception, Extraordinary Circumstances, and Equitable Tolling." Doc. 3.  In his Motion, Plaintiff explains he is pursuing his administrative remedies, but he will soon undergo spinal surgery and anticipates a long hospital stay, so he states: "I'm respectfully putting the Court on 'notice' just in case FBOP tell me I'm time barred, timeless, or untimely to file my administrative remedy." Id. at 3.  Plaintiff appears to ask the Court to stay this case while he exhausts administrative remedies, toll the Bureau of Prisons' administrative grievance deadlines, and toll the statute of limitations period for his legal claims.

District courts are given "broad discretion over the management of pretrial activities, including discovery and scheduling." Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001).  District courts also have broad discretion over whether to grant a stay "consider[ing] its own interests in an orderly disposition of its caseload, and the parties' competing interests in the two actions." United States for Use & Benefit of TSI Tri-State Painting, LLC v. Fed. Ins. Co., No. CV 216-113, 2016 WL 7385715, at *4 (S.D. Ga. Dec. 20, 2016) (citing Markel Int'l Ins. Co. v. O'Quinn, 566 F. Supp. 2d 1374, 1376 (S.D. Ga. 2008)). Here, the Court declines Plaintiff's invitation to keep this case open with a stay while he also has at least three administrative grievances open with the prison.  This would unnecessarily keep this case pending in the Court's docket for an indefinite amount of time while the administrative action may well resolve the dispute.

To the extent Plaintiff requests more time to file administrative remedies, it would be inappropriate for the Court to grant such a request.  "[The] PLRA's exhaustion requirement is designed 'to eliminate unwarranted federal-court interference with the administration of prisons

6

. . . .'" Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008) (citing Woodford v. Ngo, 548 U.S. 81, 93 (2006)).  In these circumstances, the administrative remedy process should be pursued prior to start of litigation.  To the extent Plaintiff asks the Court to toll the applicable statute of limitations, that request is premature.  "[T]he principle of equitable tolling is an after-the-fact analysis of circumstances that may have prevented a petitioner from timely filing and does not authorize a court to grant prospective relief on equitable grounds." Sanchez-Torres v. Sec'y, Fla. Dep't of Corr., No. 3:17-CV-939-J-34, 2020 WL 5666647, at *1 (M.D. Fla. May 19, 2020) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).  Accordingly, I **DENY** Plaintiff's Motion for Equitable Tolling.

### III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x

321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  Also, I **DENY** Plaintiff's Motion for Equitable Tolling.  Doc. 3.  Also, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.  Doc. 2.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of February, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA